HARRY S. DRAKE, JR., PLAINTIFF-APPELLANT, v. CITY OF RAHWAY, A MUNICIPAL CORPORATION OF NEW JERSEY, AND SIDNEY H. STONE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 23, 1969—Decided December 1, 1969.

Before Judges CONFORD, COLLESTER and KOLOVSKY.

*Mr. Calvin J. Hurd* argued the cause for appellant.

*Mr. William S. Gurkin* argued the cause for respondents.

The opinion of the court was delivered by

COLLESTER, J. A. D. Plaintiff appeals from a summary judgment entered in the Law Division in favor of defendants which dismissed his complaint in an action in lieu of prerogative writs.

On January 17, 1966 plaintiff, a member of the Rahway Fire Department, submitted a letter of resignation "effective immediately on the above date." On January 20 he submitted a second letter stating that he was withdrawing his resignation. The city considered plaintiff's resignation as having been effective on January 17 and refused to honor his attempted withdrawal. However, it carried him on the payroll until February 14 to provide compensation for his accrued vacation credits.

On January 25, 1968 plaintiff sent a letter to the business administrator of the city requesting that his name be placed on the regular reemployment list pursuant to *N. J. S. A.* 11:22–10.3. Copies of the letter were sent to the Rahway Fire Department and the Civil Service Commission. On February 6, 1968 the business administrator advised plaintiff's attorney that the request was denied because it had been presented more than two years after the effective date of plaintiff's resignation. On August 6, in reply to a letter from the business administrator, the Civil Service Commission advised that plaintiff's resignation had not been effective until February 15, 1966 but that plaintiff had not applied to the

Commission for inclusion on the reemployment list in accordance with Civil Service Circular No. 100.

Plaintiff filed a complaint in lieu of prerogative writs for a judgment to compel defendants to place his name on the reemployment list and to restrain the city from appointing persons to the fire department whose applications were received subsequent to January 25, 1968. An *ex parte* temporary restraining order was entered. Defendants filed an answer alleging, *inter alia,* that plaintiff had failed to apply to have his name placed on the reemployment list within the time limited by law; that the chief examiner and secretary of the Civil Service Commission had the authority to place plaintiff's name on the reemployment list, and defendants had no such authority; that assuming defendants had such authority, they did not recommend inclusion of plaintiff's name on the list because of his record of past performance, and that his reinstatement would not be in the best interest of the service. They further alleged that the Civil Service Commission was an indispensable party to the action and plaintiff had failed to include it.

On the day scheduled for a hearing on whether the temporary restraint should be continued until final judgment was entered, the parties requested the court to consider and treat the matter as though both sides had moved for summary judgment. The trial judge raised the issue of whether the Law Division had authority to deal with the case or whether plaintiff should have appealed to the Civil Service Commission. He directed that briefs be submitted and adjourned the hearing. Plaintiff then filed a motion to amend his complaint to add the Civil Service Commission as a party. On the adjourned motion day plaintiff did not appear and the court entered judgment for defendants. While the order for judgment recites that the court considered the argument of counsel and briefs submitted by them, it specifies no grounds for the court's action except the failure of plaintiff's attorney to appear. However, a review of the transcript provided us indicates that the judgment of dismissal was based on the

court's conclusion that it had no jurisdiction "over the appeal from the action of the Civil Service Commission."

*N. J. S. A.* 11:22–10.3, which permits a municipal employee who has resigned from his position to apply for reinstatement on the civil service reemployment list, provides as follows:

When an employee in the classified service of any * * * municipality * * * who has resigned in good standing shall have requested his reinstatement thereto, the chief examiner and secretary shall cause the name of such employee to be placed on the regular re-employment list for the appropriate class. The name of no such employee shall be placed on the said regular re-employment list unless (1) the employee's request for reinstatement shall have been made within 2 years after the effective date of his resignation, and (2) the appointing authority shall have recommended that, because of the employee's record of past performance, reinstatement would be in the best interests of the service. * * *

Civil Service Circular No. 100, which was issued to explain the operation of the statute, states that "the procedure for placement on the regular re-employment list must be initiated by the employee through a request to the appointing authority," and further, that "the employee's request for re-employment shall have been received by the Department of Civil Service within 2 years after the effective date of his resignation."

█ Plaintiff contends that the trial court erred in dismissing his complaint on the ground that it was an appeal from an action of the Civil Service Commission over which it had no jurisdiction. He alleges that he complied with the requirements of the statute and the Civil Service Circular by submitting his request for reinstatement within the two-year period following his resignation, and that the appointing authority failed to recommend his reinstatement solely because of a mistaken conclusion that his request was made out of time. He argues that his complaint was properly brought under *R. R.* 4:88–1 and 2 [*now R.* 4:69–1] to compel the appointing authority to perform a ministerial act.

Defendants contend that the trial court did not err in dismissing the complaint on the ground of lack of jurisdiction. They allege that plaintiff was required to first apply to the Civil Service Commission and if his request was denied, his remedy was to appeal to this court pursuant to *R. R.* 4:88–8(a) [*now R.* 2:2–3 (a)(2)]. They further allege that, in any event, plaintiff is not entitled to reinstatement because (1) his request was made more than two years after the effective date of his resignation, and (2) the city would not recommend his reinstatement because he had confessed to crimes committed during his previous employment as a city policeman, for which he had been indicted, although the indictments were dismissed because his confession was legally inadmissible at a criminal trial.

We are satisfied that the trial court should not have dismissed the complaint for lack of jurisdiction. This was not an appeal from a final decision or action of the Civil Service Commission which is appealable only to this court under *R. R.* 4:88–8(a), now *R.* 2:2–3(a)(2).

Moreover, we do not believe that plaintiff's claim for relief lay in an appeal to the Civil Service Commission. It is obvious from a reading of *N. J. S. A.* 11:22–10.3 that before the Civil Service Commission could place plaintiff's name on the reemployment list, the appointing authority would have to recommend such action. Such a recommendation was a statutorily required condition precedent.

The complaint filed by plaintiff, in substance, charged the appointing authority with violation of the provisions of *N. J. S. A.* 11:22–10.3 by arbitrarily refusing to recommend plaintiff's reinstatement on the reemployment list. In our opinion plaintiff was entitled to bring an action in the Superior Court, Law Division, for a review of the city's alleged unlawful action by a proceeding in lieu of prerogative writs. *N. J. S. A.* 11:25–4; *R. R.* 4:88–2, now *R.* 4:69–1. *Cf. Board of Chosen Freeholders of Hudson County v. Brenner*, 25 *N. J. Super.* 557, 565–566 (*App. Div.* 1953), aff'd *sub nom. Board of Chosen Freeholders of Hudson County*

*v. Smith,* 14 *N. J.* 348 (1954). Accordingly, the judgment dismissing the complaint must be reversed and the case remanded to the court below for a plenary hearing.

There is an obvious ambiguity in both *N. J. S. A.* 11:22–10.3 and the Civil Service Circular as to whom a request for reinstatement on the reemployment list should be submitted. It is undisputed that plaintiff's request of January 25, 1968 was submitted to the city, with a copy thereof sent to the Civil Service Commission. Insofar as it is relevant, we hold that this was proper service of his request, in compliance with both the statute and Civil Service Circular. However, we do not pass on the question of whether the request was made within the two-year limitation period since it is apparent that this may involve a question of fact to be determined by testimony. Assuming that plaintiff's demand for reinstatement is found to be timely, the basic issue to be decided at the hearing is whether the appointing authority was arbitrary in refusing to recommend plaintiff's reinstatement. The trial court should conduct a full hearing on plenary proofs and decide both the factual and legal questions concerning this issue.

The judgment is reversed and remanded to the Superior Court, Law Division, for proceedings consistent with the above conclusions.